```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

JIMMY DIXON,                          *

    Plaintiff,                   *

vs.                                   *
                                     CASE NO. 4:23-cv-47 (CDL)

BRAIDAN/FORD SECURITY LLC and         *
BRAIDAN SECURITY INC.,
                                  *

    Defendants.
                                  *

## O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment (ECF No. 16) as to Defendants Braidan/Ford Security LLC ("Braidan/Ford Security") and Braidan Security Inc. ("Braidan Security"). At the time Plaintiff filed his motion for default judgment, Plaintiff had only properly served his Amended Complaint on Braidan/Ford Security. Accordingly, the Court deferred ruling on the motion and ordered Plaintiff to file a supplemental affidavit explaining his failure to properly serve Braidan Security. Plaintiff did so and the Court gave Plaintiff fourteen days to properly serve Braidan Security and file proof of service. As indicated in Plaintiff's unexecuted return summons, Plaintiff never successfully served Braidan Security. Summons Return Unexecuted 1, ECF No. 22. Accordingly, the Court denies

Plaintiff's motion for default judgment as to Braidan Security and dismisses Plaintiff's claim against it without prejudice.

BRAIDAN/FORD SECURITY'S DEFAULT

As to Braidan/Ford Security, Plaintiff's motion for entry of default is granted for the reasons explained in the remainder of this order.  Braidan/Ford Security was properly served with the Summons and Plaintiff's Amended Complaint, but it failed to answer or otherwise file responsive pleadings.  The Clerk granted Plaintiff's application for entry of default as to Braidan/Ford Security.  Plaintiff then filed his motion for default judgment.  Braidan/Ford Security did not respond to that motion and did not move to set aside the default.  The Court may enter a default judgment under Federal Rule of Civil Procedure 55(b) if Plaintiff's well-pleaded factual allegations state a claim for relief.

FACTUAL ALLEGATIONS

By its default, Braidan/Ford Security admitted the factual allegations in Plaintiff's Amended Complaint. *See, e.g.*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .'" (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).¹  Accordingly, the Court construes the

---

¹ **Error! Main Document Only.**In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding

allegations in Plaintiff's Amended Complaint—as they relate to Braidan/Ford Security—as true.

Plaintiff was employed by Braidan/Ford Security as a security guard from around June 2022 until he was terminated on March 2, 2023.[2] Am. Compl. ¶¶ 3, 7, ECF No. 8. Braidan/Ford Security paid Plaintiff on an hourly basis. *Id.* ¶ 8. While working for Braidan/Ford Security, Plaintiff routinely worked overtime hours. *Id.* ¶ 19. Despite working over forty hours, Plaintiff was not paid time and one-half of his hourly rate for those overtime hours. *Id.* ¶ 20. In response to Braidan/Ford Security's failure to pay overtime hours, Plaintiff's counsel sent Braidan/Ford Security a demand letter complaining of violations of the Fair Labor Standards Act ("FLSA"). *Id.* ¶ 25. The same day that Braidan/Ford Security received that letter, it terminated Plaintiff for insubordination. *Id.* ¶¶ 26, 27. Plaintiff's supervisor told Plaintiff that he could not work for Braidan/Ford Security because he was suing the company. *Id.* ¶ 29.

---

precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] The Court notes that Plaintiff was first employed by Braidan Security. Am. Compl. ¶ 4. Braidan/Ford Security assumed control of Braidan Security sometime during Plaintiff's employment. *Id.* ¶ 5. Plaintiff alleges that he was jointly employed by both Defendants. *Id.* ¶ 6. Because the Court is only granting Plaintiff's motion for default judgment as to Braidan/Ford Security, the Court will only refer to Braidan/Ford Security going forward.

DISCUSSION

Plaintiff contends that Braidan/Ford Security committed FLSA violations when it failed to pay him overtime wages. Plaintiff also alleges that Braidan/Ford Security retaliated against him when it terminated him the same day it received the demand letter complaining of FLSA violations. Plaintiff asserts that he is entitled to damages resulting from Braidan/Ford Security's failure to pay him overtime wages, retaliation damages, and liquidated damages as provided under the FLSA.

**I.  FLSA Liability**

A plaintiff is entitled to a default judgment only if the complaint states a claim for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Allegations in a complaint must present a sufficient basis to support the default judgment on the issue of liability. *Id.* To state a claim for failure to pay overtime wages under the FLSA, Plaintiff must adequately allege that he was employed by Braidan/Ford Security, Braidan/Ford Security engaged in interstate commerce, and Braidan/Ford Security failed to pay him overtime wages. 29 U.S.C. § 207(a)(1); *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (per curiam) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). To state a claim for FLSA retaliation, Plaintiff must adequately plead that he engaged in an FLSA-protected activity, that he suffered an adverse action

4

committed by the employer, and that a causal connection exists between the two. *Id.* at 944 (emphasis omitted) (citing *Wolf v. Coca-Cola*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)).

Here, Braidan/Ford Security admits that Plaintiff worked at Braidan/Ford Security as an hourly paid employee, that it was Plaintiff's "employer" under the FLSA, and that it is an enterprise engaged in interstate commerce that is covered by the FLSA. Additionally, Braidan/Ford Security admitted that it failed to pay Plaintiff proper overtime compensation. As to Plaintiff's retaliation claim, Braidan/Ford Security admitted that it received a letter from Plaintiff's counsel that complained of FLSA violations. Braidan/Ford Security further admits that it fired Plaintiff the same day it received that letter in retaliation for his complaints about FLSA violations. Moreover, Plaintiff's supervisor told him that he could no longer work for the company because of Plaintiff's lawsuit. The Court finds that these allegations are sufficient to entitle Plaintiff to judgment on his FLSA claims against Braidan/Ford Security.

**II. Damages**

The next issue is whether Plaintiff is entitled to damages, and if so, in what amount. The Court may consider evidence of damages in support of a motion for default judgment and "is not required to hold an evidentiary hearing before granting a default judgment 'where all essential evidence is already of record.'"

5

*Carlisle v. Nat'l Com. Servs., Inc.*, 722 F. App'x 864, 870 (11th Cir. 2018) (per curiam) (quoting *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). By way of its default, Braidan/Ford Security admitted that Plaintiff was damaged as a result of its failure to pay him overtime and his termination. Accordingly, Plaintiff is entitled to damages.

The Court further finds that a hearing to determine damages is unnecessary given that sufficient evidence exists in the record to support Plaintiff's claimed damages. *See id.* Plaintiff's Amended Complaint and the evidence in support of the motion for default judgment adequately support the claimed damages, show that the damages are capable of mathematical calculation, and demonstrate that the damages are reasonable in accordance with Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55(b). In support of his failure to pay overtime damages, Plaintiff submitted a sworn declaration detailing the amount of work for which he was not properly compensated, as well as pay records supporting his claims. Dixon Decl. ¶¶ 5-7, ECF No. 16-1; Pay Stubs, ECF No. 16-2. Plaintiff has also provided a spreadsheet that calculates the overtime wages that are owed to him. Overtime Wages Spreadsheet, ECF No. 16-3. The Court is satisfied based on these submissions that Plaintiff is owed overtime compensation in the amount of

$4,792.85[3] and liquidated damages in an additional equal amount, totaling $9,585.70.[4] 29 U.S.C. § 216(b) (providing for the mandatory award of liquidated damages in an "additional equal amount" to unpaid overtime violations).

Plaintiff is also entitled to damages incurred as a result of Braidan/Ford's retaliatory termination of him. In support of his motion for default judgment, Plaintiff provided a sworn declaration stating that it took him approximately two months to find employment after being terminated. Dixon Decl. ¶ 10. Plaintiff thus was deprived of pay for four full pay periods as a result of Braidan/Ford Security's retaliation against him. Absent Braidan/Ford Security's termination of him, Plaintiff would not have been deprived of these earnings. Plaintiff earned approximately $1,902.00 each pay period.[5] Accordingly, Plaintiff

---

[3] The Court calculated this total by adding up the amounts owed to Plaintiff for his overtime work each pay period. The amount owed to Plaintiff for each pay period was calculated by multiplying the number of hours Plaintiff worked overtime during each pay period times half of his rate of pay during that pay period. For example, Plaintiff was paid $13.00 per hour for several pay periods. For those pay periods, the Court multiplied the number of hours Plaintiff worked overtime times 6.5. For the rest of the pay periods at issue, Plaintiff was paid $16.19 per hour. Accordingly, for those pay periods, the Court multiplied the number of hours Plaintiff worked overtime times 8.095.
[4] $4,792.85 multiplied by 2.
[5] The Court took the average of Plaintiff's pay checks had he been paid for his overtime hours. In other words, for each pay period, the Court added together what Plaintiff was actually paid and what he should have been paid in overtime wages. For example, Plaintiff was paid $1,404.00 during the July 11-July 24, 2022 pay period. The Court then added to that figure what Plaintiff was owed in overtime ($1,404.00 + $182.00 = $1,586.00) to calculate what Plaintiff's total paycheck should have been. The Court repeated that process for each pay period. The Court then took the average of those amounts and the amounts from pay periods where

7

is entitled to $7,608.00[6] in retaliation damages due to being unemployed for two months.

The Court further finds that Plaintiff is entitled to liquidated damages for Braidan/Ford Security's retaliatory termination of him. The Court has discretion to award liquidated damages for retaliation when "doing so would be appropriate under the facts of the case." *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1242–43 (11th Cir. 2013). Liquidated damages for retaliation are appropriate when the award would be consistent with the primary purpose of the FLSA's anti-retaliation provision, which is to "ensure that fear of retaliation does not 'operate to induce aggrieved employees quietly to accept substandard conditions.'" *Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1336–37 (11th Cir. 2002) (per curiam) (quoting *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)). Here, when Braidan/Ford Security failed to answer Plaintiff's Amended Complaint, it admitted that it intentionally and willfully violated the FLSA's anti-retaliation provision when it terminated Plaintiff in response to his letter complaining about FLSA violations. That allegation is supported by Braidan/Ford Security's termination of Plaintiff the same day that it received Plaintiff's letter

---

Plaintiff was paid correctly. That calculation yielded an average pay of $1,902.00 per pay period.
[6] $1,902.00 multiplied by 4.

8

complaining of FLSA violations and the statement made by Plaintiff's supervisor that he could no longer work for the company because of his lawsuit. Such conduct plainly contravenes the purpose of the FLSA's anti-retaliation provision and would deter aggrieved employees from coming forward. Accordingly, the Court finds that the factual circumstances presented here support the award of liquidated damages for Plaintiff's retaliatory termination in an additional amount equal to $7,608.00, totaling $15,216.00.[7]

CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for default judgment (ECF No. 16) as to Braidan Security. Braidan Security is dismissed from this action without prejudice. The motion for default judgment is granted as to Braidan/Ford Security. Plaintiff is entitled to a judgment against Braidan/Ford Security of $24,801.70[8] and an additional $802.00 in FLSA approved costs to Morgan and Morgan, P.A.[9] The Clerk shall enter judgment accordingly in favor of Plaintiff against Braidan/Ford Security LLC.

---

[7] $7,608.00 multiplied by 2.
[8] $9,585.70 plus $15,216.00.
[9] Plaintiff does not seek attorneys' fees.

IT IS SO ORDERED, this 20th day of December, 2023.

                                          S/Clay D. Land
                                          CLAY D. LAND
                                          U.S. DISTRICT COURT JUDGE
                                          MIDDLE DISTRICT OF GEORGIA